**Affirmed in Part, Reversed and Rendered in Part, and Opinion on Remand filed October 15, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-09-01032-CV

**DAYBREAK EXPRESS, INC., Appellant**

**V.**

**LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF BURR COMPUTER ENVIRONMENTS, INC. AND J. SUPOR & SONS TRUCKING & RIGGING CO., Appellee**

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2005-01530**

## OPINION ON REMAND

Lexington Insurance Co. sued Daybreak Express, Inc. in this subrogation action in connection with property damage that occurred during the interstate shipment of electronic equipment owned by Burr Computer Environments, Inc.

The trial court found that (1) Lexington proved all elements of a claim under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.A. § 14706;

(2) the claim was not time-barred under the applicable statute of limitations; and (3) Lexington sustained damages of $85,800. The trial court signed a final judgment in favor of Lexington awarding damages and attorney's fees, and Daybreak appealed. We affirm the trial court's judgment in part with respect to actual damages. We reverse the judgment in part and render judgment that Lexington take nothing with respect to its attorney's fees.

## BACKGROUND

J. Supor & Sons Trucking and Rigging Company hired Daybreak to transport computer equipment belonging to Burr Computer Environments, Inc. from New Jersey to Texas. *See generally Daybreak Express, Inc. v. Lexington Ins. Co.*, 342 S.W.3d 795, 798 (Tex. App.—Houston [14th Dist.] 2011), *rev'd,* 393 S.W.3d 242 (Tex. 2013). Supor issued a bill of lading to Daybreak for the shipment. *Id.* Supor's personnel loaded the equipment onto Daybreak's truck, and Daybreak transported the equipment to Daybreak's New Jersey terminal. *Id.* Daybreak transferred the bill of lading to its sister company, which then transferred it to T. Orr Trucking, Inc. *Id.* Orr transported the equipment to Texas. *Id.* The equipment arrived in Texas on August 15, 2002 in a damaged condition. *Id.*

Burr presented a written claim for damages to Daybreak on September 11, 2002. *Id.* Daybreak hired an independent adjuster from Cunningham Lindsey to investigate Burr's claim. *Id.* The adjuster submitted a report to Daybreak reflecting that the adjuster and Burr had agreed to value Burr's claim at $166,655. *Id.* Burr contended that this valuation was a settlement agreement. *Id.* Daybreak contacted Burr on February 6, 2003, and informed Burr that Daybreak would pay only $5,420 for the claim. *Id.*

Burr also filed a damage claim with Supor. *Id.* Supor paid Burr $5,000 on November 13, 2003, to meet its insurance policy deductible. *Id.* Supor's insurer, Lexington, paid Burr $87,500 to settle the claim on November 18, 2003. *Id.*

Lexington filed a subrogation suit against Daybreak in Texas state court on January 6, 2005. *Id.* In its original petition, Lexington asserted a single state law breach of contract claim based on the alleged settlement agreement between Burr and Daybreak. *Id.*

Daybreak removed the case to federal court, arguing that Lexington's claim "is a civil action pending in the State Court against a common carrier to recover damages for alleged delay, loss, or injury to a shipment arising under the Interstate Commerce Act." *Id.* (citing 49 U.S.C.A. § 14706 (West 2005)). Lexington filed a motion to remand and contended that federal question jurisdiction under 28 U.S.C.A. § 1331 and 1441(b) did not encompass the single state law breach of contract action pleaded in its original petition. *Daybreak Express, Inc.*, 342 S.W.3d at 799; *see* 28 U.S.C.A. §§ 1331, 1441(b) (West 2011). In response, Daybreak conceded that "a federal claim does not appear on the face of the original petition, but argue[d] that federal jurisdiction is nevertheless proper under the complete preemption doctrine." *See Daybreak Express, Inc.*, 342 S.W.3d at 799 (citing *Lexington Ins. Co. v. Daybreak Express, Inc.,* 391 F. Supp. 2d 538, 540 (S.D. Tex. 2005)).

United States District Judge Sim Lake concluded that "Lexington does not seek to impose liability on Daybreak for damages arising from the interstate transport of property." *See Daybreak Express, Inc.*, 342 S.W.3d at 799 (citing *Lexington Ins. Co.,* 391 F. Supp. 2d at 541). "Instead, Lexington seeks to enforce an agreement it alleges Daybreak entered into in order to settle claims for damages to a shipment of electrical equipment." *Id.* "Resolution of this contract claim does

3

not turn on the rights and responsibilities of Daybreak as a carrier in interstate commerce." *Id*. The federal district court also observed as follows: "Lexington seeks to recover in contract not for loss or damage to the electrical equipment, but rather for breach of Daybreak's alleged promise to settle those claims for the specified sum." *See Daybreak Express, Inc.*, 342 S.W.3d at 799 (citing *Lexington Ins. Co.*, 391 F. Supp. 2d at 541 n.8). Accordingly, the federal district court remanded this case on June 24, 2005. *Lexington Ins. Co.*, 391 F. Supp. 2d at 541.

More than two years after Daybreak rejected the valuation of Burr's claim, Lexington added claims for breach of contract, indemnity, contribution, and unjust enrichment arising from the payment it made to Burr on Supor's behalf. *See Daybreak Express, Inc.*, 342 S.W.3d at 799. On May 4, 2007, Lexington pleaded for the first time that Daybreak is liable for damages under the Carmack Amendment. *Id*.

The trial court concluded that the "New Jersey statute of limitations is applicable and therefore [Lexington's] claim is not time barred." *Id*. The trial court found that the equipment was "delivered to the initial carrier in good condition" and was "damaged before delivery" to its final destination, which entitles Lexington to damages under its Carmack Amendment claim. *Id*.; *see also Missouri Pac. R.R. Co. v. Elmore & Stahl,* 377 U.S. 134, 137–38 (1964). The trial court awarded Lexington $85,800 in damages, representing the amount paid to Burr less the damaged equipment's salvage value, plus attorney's fees. *See Daybreak Express, Inc.*, 342 S.W.3d at 799.[1]

---

[1] These findings were recited in the final judgment. We consider findings of fact recited in the judgment unless they are supplanted by separately filed findings. *See In re C.A.B.*, 289 S.W.3d 874, 880-81 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The trial court made no findings on any element of any claims other than the Carmack Amendment claim, and we do not consider the other claims here. *See* Tex. R. Civ. P. 299 ("The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery . . . no element of which has been included in findings of fact . . . . .").

4

On original submission, a majority of this court reversed the trial court's judgment and rendered a take nothing judgment in favor of Daybreak on grounds that Lexington's Carmack Amendment claim was barred by limitations under Texas law. *Id.* at 806. The panel majority determined that Lexington's 2007 Carmack Amendment claim arose from a distinct transaction; did not relate back to the original 2005 claim for breach of an alleged settlement agreement; and was barred by the two-year limitations period. *Id.* Justice Christopher dissented on grounds that the Carmack Amendment claim was timely because it related back. *Id.* at 806-808 (Christopher, J., dissenting).

The Texas Supreme Court reversed this court's judgment. The supreme court rendered judgment in favor of Lexington "in accordance with the trial court's judgment." The supreme court's original judgment was rendered on August 13, 2012.

Daybreak then filed a "Motion for Rehearing on the Limited Issues of Attorney's Fees" in the supreme court in which it argued that Lexington could not recover attorney's fees under the Carmack Amendment. After granting Daybreak's limited motion for rehearing in part on January 25, 2013, the supreme court again ruled in favor of Lexington; it held that the Carmack Amendment claim arose out of the same transaction or occurrence and thus related back to the 2005 claim for breach of an alleged settlement agreement. *Lexington Ins. Co. v. Daybreak Exp., Inc.*, 393 S.W.3d 242, 245 (Tex. 2013). In contrast to the supreme court's August 13, 2012 judgment, which rendered judgment "in accordance with the trial court's judgment" and included attorney's fees, the supreme court's January 25, 2013 judgment stated that the case was to be "remanded to the court of appeals for further proceedings in accordance with this court's opinion." As revised, the supreme court's January 25, 2013 judgment did not require an award

5

of attorney's fees as awarded in the trial court's judgment.

We now address the remaining portion of the case on remand.

## ANALYSIS

**I.      Scope of Remand**

Daybreak asks this court to address three issues on remand:  (1) Lexington's asserted failure to establish a *prima facie* case under the Carmack Amendment; (2) the propriety of an award for full replacement value of the damaged cargo under the Carmack Amendment; and (3) the availability of attorney's fees under the Carmack Amendment.  Lexington contends that Daybreak abandoned all issues on remand except for attorney's fees and asks this court to address only that issue. We agree with Lexington that the sole issue to be addressed on remand is the propriety of awarding attorney's fees.

The supreme court originally rendered judgment in favor of Lexington with respect to actual damages and attorney's fees.  Daybreak filed a limited motion for rehearing in the supreme court in which it asked the supreme court to "rehear the issue of attorney's fees as an improper remedy under the Carmack Amendment," and also requested in the alternative to "remand the matter to the 14th Court of Appeals for consideration of the Trial Court's award of attorney's fees under the Carmack Amendment . . . ."  In the supreme court, Daybreak did not raise alternative grounds for attacking the award of actual damages under the Carmack Amendment in its response to the petition for review; its briefing on the merits; or in its motion for rehearing.  *See* Tex. R. App. P. 53.4.  On January 25, 2013, the supreme court granted in part Daybreak's limited motion for rehearing with respect to attorney's fees.  Therefore, we address only the issue of attorney's fees on remand.

6

## II. Attorney's Fees

The supreme court concluded that Lexington's Carmack Amendment claim was not time-barred; therefore, we must address whether Lexington can recover attorney's fees under the Carmack Amendment.[2] We hold that an award of attorney's fees is foreclosed here under preemption principles.

Preemption by federal statute precludes enlargement of available remedies. *See* U.S. Const. art. VI, cl. 2. State law may be preempted in three ways: (1) expressly; (2) impliedly when the scope of a federal law or regulation indicates that Congress intended to exclusively occupy the field; or (3) impliedly when state law conflicts with a federal law or regulation. *BIC Pen Corp. v. Carter*, 346 S.W.3d 533, 537 (Tex. 2011).

The second method of preemption applies here. The Carmack Amendment was enacted to create uniformity in the determination of damages resulting from the interstate transportation of goods. *See Hoskins v. Bekins Van Lines*, 343 F.3d 769, 777 (5th Cir. 2003) (citing *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993)). Congress intended the Carmack Amendment "to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Gulf Rice Arkansas, LLC v. Union Pac. R.R. Co.*, 376 F. Supp. 2d 715, 719 (S.D. Tex. 2005) (citing *Hoskins*, 343 F.3d at 776); *see also Schoenmann Produce Co. v. Burlington N. and Santa Fe Ry. Co.*, 420 F. Supp. 2d 757, 759 (S.D. Tex. 2006) (citing *New York, N. H. & Hartford R.R. v. Nothnagle*, 346 U.S. 128, 131. (1953)).

It follows that the Carmack Amendment impliedly preempts all state law

---

[2] On original submission, Lexington argued that it also is entitled to attorney's fees based upon a contractual indemnity claim. Because the trial court's final judgment was predicated solely on the Carmack Amendment, we do not consider other asserted bases for an award of attorney's fees. *See* Tex. R. Civ. P. 299.

claims arising in connection with this dispute involving interstate transportation of goods by a common carrier. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 50 (Tex. App.—San Antonio 1999, pet. denied) (citing *Moffit*, 6 F.3d at 307); *see also Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996); *Earl's Offset Sales & Serv. Co. v. Bekins/EDC, Inc.*, 903 F. Supp. 1148, 1150 (S.D. Tex. 1995).

The scope of preemption under the Carmack Amendment includes claims for attorney's fees under state law. *See Shull*, 4 S.W.3d at 50; *see also Accura Sys., Inc.*, 98 F.3d at 877; *Roadway Express, Inc. v. Naturalite, Inc.*, 435 S.W.2d 555, 559 (Tex. Civ. App.—Eastland 1968, no writ); *Thompson v. H. Rouw Co.*, 237 S.W.2d 662, 668 (Tex. Civ. App.—San Antonio 1951, writ ref'd n.r.e.). The Carmack Amendment itself does not provide for an award of attorney's fees. *See* 49 U.S.C.A. § 14706(a)(1) ("The liability imposed under this paragraph is for the actual loss or injury to the property. . . ."). Therefore, attorney's fees are not recoverable under the Carmack Amendment. *See Accura Sys. Inc.*, 98 F.3d at 876 (citing *Strickland Transp. Co.v. Am. Distrib. Co.*, 198 F.2d 546, 547 (5th Cir. 1952)).

### CONCLUSION

We reverse the portion of the trial court's judgment awarding attorney's fees to Lexington, and render judgment that Lexington take nothing with respect to attorney's fees. We affirm the remainder of the trial court's judgment.


/s/ William J. Boyce
Justice


Panel consists of Justices Boyce, Christopher, and Donovan.