

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00462-CV

Jose Luis **PENA**,
Appellant

v.

**COUNTY OF STARR**,
Appellee

From the County Court at Law, Starr County, Texas
Trial Court No. CC-08-135
Honorable Romero Molina, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice
Concurring Opinion by:  Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  December 18, 2013

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Jose Luis Pena appeals from a summary judgment granted in favor of his former employer,

Starr County, on Pena's claims for retaliatory discharge, discrimination, and violation of the

Family Medical Leave Act.  We affirm in part, and reverse and remand in part.

### BACKGROUND

Pena was hired as an animal control officer by Starr County on September 20, 2000.  On

September 12, 2005, Pena was unloading a mosquito sprayer at work when he injured his back.

Treatment of the back sprain required injections and physical therapy.  Pena filed a workers'

compensation claim. Pena returned to work on January 30, 2006. Pena's physician restricted him to "light duty" work upon his return. The County Attorney, Victor Canales, told Pena that there were no light duty positions available in Starr County, but that they would make an exception for him because grant money had been awarded to fund Pena's position. Canales told Pena to go ahead and "try his best." Canales wanted Pena to sign a document stating that if Pena were to reinjure himself, the County would not be liable. After "much controversy with the employer regarding a light duty program," Pena was released to work with a modified "medium duty" program (25-30 pound lifting restriction).

The County requested that Pena undergo an Independent Medical Evaluation-Impairment Rating examination. Dr. Gumaro Garza conducted the exam on March 26, 2006. Pena described his back pain as a "mild discomfort" and felt his condition had improved since the date of injury. Dr. Garza reviewed Pena's medical records and physically examined Pena. Dr. Garza diagnosed Pena with "lumbar syndrome with right paravertebral muscle spasm" and determined that as a result of Pena's on-the-job injury, he qualified for a 5% whole-person impairment. Dr. Garza further certified that Pena had reached Maximum Medical Improvement, as his condition was stable and unlikely to change with additional treatment.

While undergoing treatment for his back injury, it was discovered that Pena had an abdominal aortic aneurysm and suffered from severe peripheral vascular disease. Pena's physician recommended that he undergo surgery in Houston to correct this life-threatening condition, and informed him that he would miss about a week of work. The surgery took place on July 12, 2006. Pena arranged with the County to be off work until July 19, 2006.

The surgery, however, turned out to be more complicated than originally thought. Pena was hospitalized for almost a week. Pena's cardiologist signed a letter stating that Pena could not return to work for 90 days. Pena immediately called the County to inform them that he would be

unable to return to work on July 20, 2006 as originally planned. Pena's daughter, Kristina, hand-delivered the doctor's letter to Elsa,[1] a secretary at the County Attorney's Office. Pena's daughter asked Elsa whether any more documentation was needed, and she replied no, stating that she would see to it that Pena's leave was taken care of. At all times during his recuperation, either Pena, his daughter, or his wife kept the County informed as to Pena's medical condition.

On September 18, 2006, Pena received a letter from Starr County notifying him that as of August 18, 2006, his services were no longer required and informing him that his termination with Starr County was immediate. Pena was 58 years old at the time of his termination.

On October 28, 2007, Pena filed a lawsuit against the County alleging retaliation and discrimination based on age and disability. In the petition, Pena affirmatively averred that he had not alleged any federal cause of action. Almost three years later, on September 28, 2010, Pena amended his petition to add a claim for violations of the Family Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA). Pena sought damages for lost earnings and mental anguish, as well as attorney's fees and exemplary damages.

The County moved for summary judgment on both traditional and no-evidence grounds. Pena filed a response. The trial court granted summary judgment in favor of the County on all of Pena's claims. Pena now appeals.

## STANDARD OF REVIEW

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting

---

[1] Pena does not provide Elsa's surname in his affidavit or deposition.

evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Knott*, 128 S.W.3d at 216. To prevail as a defendant, the movant must either conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense that would overcome the plaintiff's cause of action. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

In a no-evidence summary judgment motion, the movant contends there is no evidence of one or more essential elements of the claims for which the nonmovant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *See id.*; *see also W. Invs. Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The nonmoving party is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i) cmt.—1997.

## DISCUSSION

### *FMLA Claim*

In his First Amended Petition, Pena alleged that the County committed violations of the FMLA because he was entitled to medical leave for his serious health condition, and the County "did not properly request additional information or seek proper certification from [him] for his FMLA qualifying leave nor did [the County] provide [him] with an adequate written warning or sufficient time to provide additional documentation" in violation of 29 U.S.C. § 2613 and 29

C.F.R. § 825.208(a)(2). Pena further alleged that the County's violation of the FMLA was "willful."

The FMLA gives eligible employees 12 weeks of unpaid leave per year under specified circumstances. 29 U.S.C. § 2612(a)(1); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The FMLA makes it unlawful for employers to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the Act. 29 U.S.C. § 2615(a)(1). The FMLA also prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against any individual" for exercising FMLA-protected rights. *Id.* § 2615(a)(2).

In its no-evidence motion for summary judgment, the County asserted that Pena failed to make a prima facie showing of retaliation under the FMLA because there is no evidence that Pena availed himself of the protected right under the FMLA,[2] i.e., Pena failed to request in writing a medical leave of absence under the FMLA *before* his surgery. *See* 29 U.S.C. § 2612(e)(2)(B) (requiring 30-day notice to employer when necessity for leave is foreseeable based on planned medical treatment). The 30-day advance notice requirement, however, specifically pertains to "foreseeable" leave. *Id.* When the need for leave is unforeseeable, "the employee must provide such notice to the employer as soon as practicable under the facts and circumstances of the particular case." *See* 29 C.F.R. 825.303(a); *see also Greenwell v. State Farm Mut. Auto Ins. Co.*, 486 F.3d 840, 842 (5th Cir. 2007); *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 761-62 (5th Cir. 1995).

---

[2] To make a prima facie showing of retaliation under the FMLA, an employee must show that he: (1) availed himself of a protected right under the FMLA; (2) was adversely affected by an employment decision; and (3) was treated less favorably than an employee who had not requested leave or the adverse decision was made because he sought protection under the FMLA. *See Grubb v. Sw. Airlines*, 296 Fed. Appx. 383, 389 (5th Cir. 2008) (per curiam).

The undisputed summary judgment evidence shows that, prior to July 12, 2006, Pena did not know that the surgery for the abdominal aortic aneurysm would require a 12-week absence; to the contrary, his physician informed him that he would be out of work for a week at most. As soon as the serious nature of the surgery and accompanying need for recuperation was discovered, Pena called his employer and sent his daughter to hand-deliver a doctor's note to the County Attorney's office. This evidence is uncontradicted by the County. Notice by an employee's adult family member is permissible when the employee is unable to give notice personally. *See* 29 C.F.R. § 825.303(b); *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 976 (5th Cir. 1998). Further, the employee need not expressly assert rights under the FMLA or even mention the FMLA, but may state only that leave is needed. *See* 29 C.F.R. § 825.303(b); *Miles-Hickman v. David Powers Homes, Inc.*, 589 F.Supp.2d 849, 874 (S.D. Tex. 2008). The undisputed evidence further shows that upon being informed that Pena required a 90-day absence, the County failed to follow up with Pena or to request additional documentation or information concerning his serious medical condition and need for leave. *See Brannon v. OshKosh B'Gosh, Inc.*, 897 F.Supp. 1028, 1038 (M.D. Tenn. 1995) (employer has duty after being notified of employee's need for leave under FMLA to make further inquiry). Viewing the evidence in the light most favorable to Pena, which we must, we conclude that Pena raised a genuine issue of material fact on the adequacy and timeliness of the notice given to the County of the need for FMLA leave.

Alternatively, the County argued that Pena's FMLA claim fails because the two-year statute of limitations has run. A defendant moving for summary judgment on the affirmative defense of limitations must conclusively establish that defense, including conclusively negating any relevant tolling provision asserted by the nonmovant. *See Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996). A two-year limitations period applies to claims for violations of the FMLA, except in cases where a willful violation is alleged, in which case a three-year limitations period

applies. *See* 29 U.S.C. § 2617(c). Pena specifically alleged a willful violation of the FMLA by the County. *See Settle v. S.W. Rodgers Co.*, 998 F.Supp. 657, 664 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999) (general averment as to willfulness is sufficient to invoke three-year statute of limitations for FMLA claim). Even though a three-year limitations period applies here, Pena's amended petition was still filed over four years after he was terminated. *See* 29 U.S.C. § 2617(c).

In Pena's response to the County's motion for summary judgment, he argued that the relation-back doctrine controls, and that the amended pleading is not subject to a statute of limitations defense pursuant to section 16.068 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2008). Section 16.068 provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*Id.*

Under the relation-back doctrine, an amended pleading is not subject to a statute of limitations defense and "relates back" to the date of the original filing if the amended pleading adds a cause of action that is based on the same transaction or occurrence that also forms the basis of the claim made in the original pleading. *Lexington Ins. Co. v. Daybreak Exp., Inc.*, 393 S.W.3d 242, 244 (Tex. 2013); *Bratcher v. Boeke*, 207 S.W.3d 431, 434 (Tex. App.—Dallas 2006, no pet.). The County does not contend that the FMLA claim was based on a "new, distinct, or different transaction or occurrence." In fact, our review of the record reflects that Pena's FMLA claim arises from the same occurrence—his termination by the County on August 18, 2006—as Pena's other timely-filed claims for retaliation and discrimination. *See Gold v. Carus*, No. 01-CV-7568(ADS)(MLO), 2003 WL 22134913, at *2 (E.D. N.Y. July 26, 2003, order) (holding plaintiff's

FMLA claim asserted in amended petition arose from same set of facts as his original claim for discriminatory discharge, and therefore the FMLA claim related back to the original complaint and was not time-barred under FED. R. CIV. P. 15(c)).  Although the County argues that it was surprised by Pena's amended FMLA claim, we cannot conclude that the County was unfairly prejudiced by the late filing because both the FMLA claim and the discrimination and retaliation claims arose from a common core of operative facts.  *See Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1070 (5th Cir. 1981) (late-filed Title VII claim related back to date of filing of original Section 1981 claim because the two claims were based on identical facts and identical allegations of discrimination; a hardship was not worked on the defendant because the original complaint furnished adequate notice of the nature of the suit); *Linzy v. Sara Lee Corp.*, No. 1:10-CV-277-SA-DAS, 2012 WL 1190907, at *2-3 n.4 (N.D. Miss. Apr. 10, 2012) (noting that "[t]here is no significant difference between [a retaliation claim] under the FMLA and similar claims under other anti-discrimination laws"); *but see Lambert v. N.Y. State Office of Mental Health*, No. 97-CV-1347(JG), 2000 WL 863461, at *3 (E.D.N.Y. June 9, 2000), *aff'd,* Fed. Appx. 71 (2nd Cir. 2001) (holding that FMLA claim asserted in amended petition did not relate back to timely-filed claims for discrimination and retaliation because the legal theories that attended the claims were "wholly distinct" and the "factual predicates behind them vary dramatically").

Because Pena's original claims were filed within the limitations period, and because the FMLA claim asserted in his amended petition related to the same occurrence, the County failed to establish as a matter of law that Pena's FMLA claim was barred by limitations.  *See Jennings*, 917 S.W.2d at 793 (defendant moving for summary judgment on affirmative defense of limitations must conclusively establish that defense, including conclusively negating any relevant tolling

provision asserted by the nonmovant). Accordingly, the trial court erred in granting summary judgment on Pena's claim for violations of the FMLA.[3]

## *Discrimination Claims*

Pena also brought claims for age and disability discrimination under the Texas Commission for Human Rights Act (TCHRA). The TCHRA expressly prohibits employment discrimination with respect to race, color, disability, religion, sex, national origin, or age. TEX. LAB. CODE ANN. § 21.051 (West 2006).

In *McDonnell Douglas Corp. v. Green*, the United States Supreme Court allocated the burden of production and ordered the presentation of proof in employment discrimination cases. 411 U.S. 792, 802-05 (1973).[4] The Supreme Court has summarized the allocation of proof in employment discrimination cases as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

---

[3] On appeal, the County argues that the relation-back doctrine is derived from common law and is inapplicable to statutory claims such as the FMLA and ADA. The cases it cites for support, however, do not distinguish between common law and statutory claims as the County alleges. *See, e.g., Chien v. Chen*, 759 S.W.2d 484 (Tex. App.—Austin 1988, no writ). In fact, in its brief, the County extensively relies on *Koch Oil Co. v. Wilber*, 895 S.W.2d 854 (Tex. App.—Beaumont 1995, writ denied), which discusses the relation-back doctrine only with respect to whether new defendants or parties can be added once the statute of limitations has run. The case does not discuss whether a federal statutory claim can be saved when it relates back to a timely filed state common law claim. *Wilber* does, however, provide that, under the relation-back doctrine, an amended petition relates back to the filing of the original petition *provided the cause of action remains the same*. *Id*. at 870-71. Here, Pena continued to assert in his amended petition that he was wrongfully terminated by the County. Accordingly, Pena's FMLA and ADA claims are timely pursuant to the relation-back doctrine. *See, e.g., Mont Belvieu Square, Ltd. v. City of Mont Belvieu, Tex.*, 27 F.Supp.2d 935, 939-40 (S.D. Tex. 1998) (holding that section 16.068 does not distinguish among state and federal causes of action containing internal limitations period).

[4] Texas state courts follow analogous federal statutes and cases, interpreting them to guide our reading of the TCHRA. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

*Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (citations omitted); *see also Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001) (applying *McDonnell Douglas* in TCHRA age discrimination case). In order to present a prima facie case of discrimination, a plaintiff must show that he was: (1) a member of the protected class under the TCHRA; (2) qualified for his position; (3) terminated by his employer; and (4) replaced by someone outside his protected class or treated less favorably than similarly situated members of the opposing class. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 640, 642 (Tex. 2012); *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005).

### *Age Discrimination*

In its no-evidence motion, the County alleged that Pena failed to produce any evidence of age discrimination. The County points to Pena's testimony that he was terminated "because of my disability because of my back. My back injury." Thus, the County concludes that Pena conceded he was terminated due to his alleged disability alone, and not his age.

The summary judgment record reflects that Pena was born in 1948 and was 58 years old at the time he was terminated. In Pena's response, he did not point to any evidence that he was replaced by a younger worker or that he was treated differently than a similarly situated employee. In order to raise a fact issue sufficient to defeat the movant's no-evidence motion for summary judgment, the non-movant must direct the trial court to specific summary judgment evidence. *See Arredondo v. Rodriguez*, 198 S.W.3d 236, 238-39 (Tex. App.—San Antonio 2006, no pet.); *Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.). Because Pena did not point to any evidence that the County discriminated against him on the basis of his age, he failed to raise a fact issue on his age discrimination claim. Accordingly, the County proved its entitlement to judgment as a matter of law on Pena's age discrimination claim.

### *Discrimination Due to Disability*

Regarding his discrimination claim on disability grounds, Pena alleged that he suffered from "lumbar syndrome with right paravertebral muscle spasm, severe peripheral vascular disease, and abdominal aortic aneurysm requiring surgery." In its traditional motion for summary judgment, the County alleged that Pena did not suffer from a disability because he failed to prove that he suffered from a physical or mental impairment that substantially limited at least one major life activity, or that his employer regarded him as having such an impairment. Specifically, the County contended that Pena merely suffered from a muscle strain to his low back, which was not a permanent disability and was improved by physical therapy and injections. Moreover, Pena was never declared disabled and returned to work with medium duty restrictions. Thus, the County claimed that it negated an essential element of Pena's claim for discrimination based on disability.

The County, however, wholly failed to address whether Pena's allegation of disability due to abdominal aortic aneurysm constituted a physical impairment that substantially impaired a major life activity, thus rendering Pena disabled. We may not affirm a summary judgment on a ground that was not expressly presented to the trial court by a written motion, answer, or other response to the summary judgment motion. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex. 1992); *Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 871 (Tex. App.—San Antonio 1997, no writ). Accordingly, it was error to dispose of the disability claim by summary judgment. *See* TEX. R. CIV. P. 166a(c) (motion for summary judgment must "state the specific ground therefor"). We therefore agree that the County failed to prove its entitlement to judgment as a matter of law on Pena's claim for discrimination based on disability.

### *Retaliation Claim*

Pena alleged that the County terminated him because he exercised his rights under the Texas Workers' Compensation Act. Section 451.001 prohibits a person from discharging or

discriminating against an employee who in good faith files a workers' compensation claim. *See* TEX. LAB. CODE ANN. § 451.001(1) (West 2006). In its traditional motion for summary judgment, the County alleged that there was no causal connection between the workers' compensation claim Pena filed on September 13, 2005 and his termination eleven months later on August 18, 2006.[5] In essence, the County argued that too much time elapsed between the date the claim was filed and the date Pena was terminated. In addition, the County pointed out that after his back injury, Pena returned to work in the same position and continued to work for six months before his aneurysm surgery on July 12, 2006.

Now on appeal, the County contends that Pena's retaliation claim must fail because the trial court lacked jurisdiction over the claim. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (orig. proceeding) (the issue of subject matter jurisdiction may be raised for the first time on appeal by a party). Section 451.001 applies to private employers, and a retaliatory discharge claim may not be brought against the government without its consent. *See Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 59 (Tex. 2011). Thus, the County now contends that the trial court was without subject matter jurisdiction to consider Pena's retaliation claim. We agree, and Pena conceded at oral argument before this court, that the Labor Code does not waive immunity for claims brought under section 451.001(1). *See id*. Therefore, the trial court lacked jurisdiction over Pena's retaliation claim, and did not err in granting summary judgment on that claim.

---

[5] To make a *prima facie* showing of retaliation, a plaintiff must show that: (1) he engaged in a protected activity, such as filing a charge or complaint; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004); *Hernandez v. Grey Wolf Drilling, L.P.*, 350 S.W.3d 281, 286 (Tex. App.—San Antonio 2011, no pet.).

**CONCLUSION**

Based on the foregoing, we affirm the granting of summary judgment with respect to Pena's claims for age discrimination and retaliation for filing a workers' compensation claim. We reverse the summary judgment as to Pena's claims for violation of the FMLA and discrimination based on disability, and remand the case to the trial court for further proceedings consistent with this opinion.

Rebeca C. Martinez, Justice