ACCEPTED
15-25-00011-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/31/2025 4:58 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00011-CV**

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS
AT AUSTIN

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/31/2025 4:58:47 PM
CHRISTOPHER A. PRINE
Clerk

THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, THE UNIVERSITY OF TEXAS SYSTEM, and THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER

*Appellants*

vs.

GENSETIX, INC.

*Appellee*

Appealed from the District Court, 152nd Judicial District
Harris County, Texas, The Honorable Robert Schaffer (Presiding)
Cause No. 2021-73071

**APPELLEE'S BRIEF IN SURREPLY REGARDING *CURADEV*\***

**Anthony Buzbee**
Tex. Bar No. 24001820
**Ryan Pigg**
Tex. Bar No. 24088227
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7500
Houston, TX 77002
(713) 223-5393

**Cabrach Connor**
Tex. Bar No. 24036390
**Jennifer Tatum Lee**
Tex. Bar No. 24046950
**Sergio R. Dávila**
Tex. Bar No. 24079795
CONNOR LEE & SHUMAKER PLLC
609 Castle Ridge Road, Suite 450
(512) 777-1254

**ATTORNEYS FOR APPELLEE
GENSETIX, INC.**

**(ORAL AGUMENT NOT REQUESTED)**

\**Curadev Pharma Pvt. Ltd. v. The Univ. of Tex. Sw. Med. Ctr.*, No. 15-25-00004-CV, 2025 Tex. App. LEXIS 6472 (Tex. App.—15th Dist. Aug. 21, 2025, pet. filed).

# TABLE OF CONTENTS

I.    *Curadev* .......................................................................................................2

II.    The trial court in *Curadev* ruled on undisputed facts. But the trial court in *Gensetix* did not, and that material distinction affects how the STANDARD OF REVIEW applies here. ...............................................................................3

III.    MDA's 2017 Taking is wholly unaffected by *Curadev* ...............................5

IV.    MDA's 2020 Taking is distinguishable from *Curadev* ..........................7

V.    Neither *Curadev* nor any other case says that Takings lasting less than 33 months are non-actionable. ......................................................................8

VI.    MDA misreads Chief Justice Brister's .........................................................9 dissenting opinion in *Curadev*.

VII.    Gensetix respectfully asks this Court to disregard unpreserved, untimely arguments raised in MDA's Reply. ......................................................11

XIII.    Conclusion ................................................................................................12

CERTIFICATE OF COMPLIANCE .....................................................................16

# TABLE OF AUTHORITIES

**Cases**

*BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789 (Tex.2002)..........................3

*Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021) ................................................ 9, 10

*City of Dallas v. VSC, LLC*, 242 S.W.3d 584 (Tex. App.—Dallas 2008) *rev'd on other grounds*, 347 S.W.3d 231 (Tex. 2011) ...............................................................................2

*Curadev Pharma Pvt. Ltd. v. The Univ. of Tex. Sw. Med. Ctr.*, No. 15-25-00004-CV, 2025 Tex. App. LEXIS 6472 (Tex. App.—15th Dist. Aug. 21, 2025, pet. filed) .passim

*Fed. Land Bank of Houston v. United States*, 168 F.Supp. 788 (Ct. Cl. 1958) ........... 10

*First English Evangelical Lutheran Church of Glendale v. Los Angeles Cty.*, 482 U.S. 304 (1987) ............................................................................................................................9

*Ford ex rel. Williams v. City of Lubbock*, 76 S.W.3d 795 (Tex. App.—Amarillo 2002, no pet.) ...............................................................................................................................5

*Gen Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591 (Tex. 2001) ....................2

*Greater Houston Radiation Oncology v. Sadler Clinic Ass'n, PA*, 384 S.W.3d 875 (Tex. App.—Beaumont 2012, pet. denied)................................................................. 12

*Hardy v. Chemetron Corp.*, 870 F.2d 1007 (5th Cir. 1989)..............................................8

*Hartwell v. Lone Star, PCA*, 528 S.W.3d 750 (Tex. App.—Texarkana 2017, pet. dism'd) 6

*Hicks v. Tex. Health & Human Servs. Comm'n*, No. 10-19-00256-CV, 2021 Tex. App. LEXIS 6612 (Tex. App.—Waco Aug. 11, 2021, no pet.) ....................................................5

*Houston R.E. Income Props. XV, Ltd. v. Waller Cty. Appraisal Dist.*, 123 S.W.3d 859 (Tex. App.—Houston [14th Dist.] 2003, no pet.).........................................................11

*In re LAF,* No. 14-21-00046-CV, 2022 Tex. App. LEXIS 5532 (Tex. App.—Houston [14th Dist.] Aug. 4, 2022, no pet.) ......................................................................................6

*Lexington Ins. Co. v. Daybreak Exp., Inc.*, 393 S.W.3d 242 (Tex. 2013)......................8

*MBP v. Bd. of Trustees of the Galveston Wharves*, 297 S.W.3d 483 (Tex. App.—Houston [14th Dist.] 2009) ..........................................................................................................2

*Methodist Hosps. v. Tex. Workers' Compensation Comm'n*, 874 SW 2d 144 (Tex. App.—Austin 1994, no writ) ................................................................................6

*Moore v. NY Cotton Exch.*, 270 U.S. 593 (1926) ............................................................8

*Piazzola v. Watkins*, 442 F.2d 284 (5th Cir. 1971) .....................................................10

*Sefzik v. Mady Dev't, LP*, 231 S.W.3d 456 (Tex. App.—Dallas 2007, no pet.) .............11

*SITQ EU, Inc. v. Reata Rests., Inc.*, 111 S.W.3d 638 (Tex. App.—Fort Worth 2003, pet. denied) ........................................................................................................3

*Smith v. Grace*, 919 S.W.2d 673 (Tex. App.—Dallas 1996, writ denied)...........................6

*State v. Holland*, 221 S.W.3d 639 (Tex. 2007). ........................................................2

*State v. Volkswagen Aktiengesellschaft*, 669 SW 3d 399 (Tex. 2023)............................3

*Tex. Dep't of Crim. Just. v. Rangel,* 595 S.W.3d 198 (Tex. 2020) ...................................6

*TRT Holdings, Inc. v. Ace Am. Ins. Co.*, No. 05-23-00868-CV, 2025 Tex. App. LEXIS 7407 (Tex. App.—Dallas Sep. 18, 2025, n.p.h.) .................................................. 12

*United States v. General Motors Corp.,* 323 U.S. 373 (1945) ................................. 9, 10

*UV Logistics, LLC v. Patsfield,* No. 01-20-00191-CV, 2022 Tex. App. LEXIS 2118 (Tex. App.—Houston [1st Dist.] Mar. 31, 2022, no pet.)...........................................6

**Rules**

Tex. R. App. P. 33.1(a)(1)(A)................................................................................ 11

Tᴇx. R. Aᴘᴘ. P. 44.1(a) ...........................................................................................6

## RECORD/BRIEF CITATIONS

The brief cites the record and briefs in the following way

| | |
|---|---|
| CR | Clerk's Record |
| SuppCR | Supplemental Clerk's Record |
| 2SuppCR | Second Supplemental Clerk's Record |
| RR | Transcript of March 11, 2022, hearing |
| OB | Appellant's Opening Brief |
| Reply | Appellant's Reply Brief |

*Curadev* is materially distinguishable. Here, **the governmental party (MDA) used the ELEVENTH AMENDMENT** to effect a multi-year Taking of Gensetix's exclusive, primary right to commercialize its patents.

| Table 1 (Abridged)[1] Material Distinctions Between *Gensetix* and *Curadev* | |
| --- | --- |
| *Gensetix* | *Curadev* |
| Sovereign Power employed by Governmental Party | |
| ELEVENTH AMENDMENT motion to dismiss | None |
| Governmental Party's Mental State and Conduct | |
| **Bad Faith** intent to interfere with Gensetix's right to sue | **Good Faith** intent to publish research findings |
| Nature of the Property Conveyance | |
| Gov't *relinquished* commercialization rights to Mirrow, who sold them to Gensetix | Gov't *obtained* information from Takeda |
| Source of the Private Party's Property Interest | |
| **Statutory right to exclude granted by Patent Office** to inventors' assignees | **Promise** Takeda made to Curadev **in a contract** |
| Conflicting Evidence of Governmental Scienter | |
| MDA's **Exhibits 6-7** *vs.* Mousa **Declaration** w/ **21 Exhibits** | None |
| Disputed Jurisdictional Facts | |
| (1) MDA's **2017 side-deal** was **illicit** (2) Gensetix's 2017 **patent suit** was **strong** (3) The **2019 clinical trials** were **commercial** (4) MDA cooked up a **pretext in 2020** | None |
| Circumstances | |
| **Extraordinary** Inducements, lies, and calculated betrayal aided by abuse of ELEVENTH AMENDMENT | **Common** Study submitted a few months early |

[1] *See* **Tab 1** for record citations and pincites to *Curadev* in support of **Table 1**.

For the reasons explained in this supplemental brief, the trial court did not err in finding MDA failed to carry its burden on its immunity plea.

## I.    *Curadev*

**This Court's Divided Opinion (Takings).** The *Curadev* Court was the first panel of this Court to examine the Texas Supreme Court's holding in *Self*. 2025 Tex. App. LEXIS 6472 at **15-16, 35-37 (citing *TxDOT v. Self*, 690 S.W.3d 12 (Tex. 2024)). While the *Curadev* majority characterized TxDOT's appropriation in *Self* as "exercising its eminent domain powers[] mistakenly[,]" *Id.* at **15, the dissenting opinion read *Self* as "say[ing] just the opposite[.]'" *Id.* at *36.

The *Curadev* majority relied on *State v. Holland*[2], 2025 Tex. App. LEXIS 6472 at **12-15, but overlooked the *Self* Court's express[3] disapproval of subordinate courts reading the *Little-Tex*[4] line of cases[5] as imposing a specific intent requirement. The government cannot avoid liability "merely by **asserting** that [it] thought at the time of the taking that it" had a right to do so. *Self*, 690 S.W.3d at 29 (emphasis in original).

---

[2] 221 S.W.3d 639 (Tex. 2007).

[3] 690 S.W.3d at 30 ("Many [courts] have rejected such arguments, and we join them[.]") (citing, *inter alia*, *City of Dallas v. VSC, LLC*, 242 S.W.3d 584, 594 (Tex. App.—Dallas 2008) *rev'd on other grounds*, 347 S.W.3d 231 (Tex. 2011)).

[4] *Gen Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591 (Tex. 2001).

[5] Of which *Holland* is a part. 221 S.W.3d at 642, 643-644. As is *MBP v. Bd. of Trustees of the Galveston Wharves*, 297 S.W.3d 483, 488-493 (Tex. App.—Houston [14th Dist.] 2009), a case MDA asks this Court to follow. (Reply at 31-32).

**Factual Basis for Holding (UTSW's means of acquisition).**

The *Curadev* majority held dispositive that UTSW had "no knowledge[6] [that Curadev] had any rights that could be violated" if certain information were to be published. 2025 Tex. App. LEXIS 6472 at **15-16. That is the sole factual basis the *Curadev* majority relied on when it distinguished its opinion from *Self*'s holding. *Id.*

**Standard of Review.** *Curadev* did not overturn *Volkswagen* or *BMC Software*[7], nor does it alter the STANDARD OF REVIEW applicable in cases with disputed jurisdictional facts. 2025 Tex. App. LEXIS 6472.

## II. The trial court in *Curadev* ruled on undisputed facts. But the trial court in *Gensetix* did not, and that material distinction affects how the STANDARD OF REVIEW applies here.

Curadev's BRIEF IN OPPOSITION to UTSW's PLEA TO THE JURISDICTION filed in Dallas County reveals that, in that case, there were "no facts contradicting [Curadev's] allegations" bearing on jurisdiction. **Tab 2** (No. 15-25-00004, BRIEF OF APPELLANTS, Appendix, Tab 9, p.5). Curadev maintained that position in this Court. (No. 15-25-00004, APPELLANTS'

---

6 Curadev's pleadings, while not a model of clarity, laid out a timeline hinting otherwise. (15-25-00004-CV, BRIEF OF APPELLANTS, App'x, Tab 7 at 8-9). A November 2020 e-mail from Takeda's Paul Greenspan to UTSW, and UTSW's responses on that e-mail thread, demonstrate that UTSW *was*, in fact, aware that Takeda's rights in the trade secret had lapsed in 2020, before the complained-of publication in 2021. (*Id.* at 9, ¶ 29; 139-146).

7 *State v. Volkswagen Aktiengesellschaft*, 669 SW 3d 399, 412-413 (Tex. 2023); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex.2002); *see also SITQ EU, Inc. v. Reata Rests., Inc.*, 111 S.W.3d 638, 645 (Tex. App.—Fort Worth 2003, pet. denied).

REPLY BRIEF at 2) **Tab 3**. Consequently, the *Curadev* panel characterized the relevant jurisdictional facts in that case as **undisputed**. 2025 Tex. App. LEXIS 6472 at \*\*11-12.

The parties in *Curadev* agreed that UTSW obtained the trade secret chemical compound by entering an agreement with Takeda Pharmaceutical, and they agreed that UTSW continued to use the information after the Takeda agreement expired, against the express terms of the Takeda agreement. 2025 Tex. App. LEXIS 6472 at \*\*11-12.

Unlike the parties in *Curadev*, the parties here **sharply dispute** key jurisdictional facts. *First*, whether MDA's illicit side-deal with Diakonos motivated MDA to misappropriate Gensetix's property in 2017. *Second*, whether MDA truly thought, in 2017, that Gensetix's patent infringement case against Diakonos was weak. *Third*, whether the medication expenses for the 2019 clinical trials were paid by a third party. *Fourth*, whether the grounds for the purported termination in 2020 were pretextual.

Under *Self*, intent no longer matters, so **Gensetix wins**; but even if it *still* mattered (as MDA argues on Reply), disputed jurisdictional facts were resolved below in Gensetix's favor, so **Gensetix would *still* win**.

Unlike UTSW in *Curadev*, here MDA introduced, and asked Judge Schaffer to consider, evidence beyond the four corners of Gensetix's

pleading, (CR:134), (RR at 26:5-12), in an attempt to carry its burden of conclusively negating Gensetix's pleaded allegation that the grounds for the termination in 2020 were pretextual. (CR:104, ¶ 26; CR:107, ¶ 50).

To rebut the evidence incorporated in MDA's jurisdictional plea, Gensetix adduced countervailing evidence (CR:455-461), including details about MDA's bad faith conduct towards Gensetix in the lead-up to the 2019 clinical trials, the pretextual demands for maintenance fees, and the purported termination in 2020. (CR:460, ¶¶ 34-38).

Because competing narratives, supported by competing evidence, were weighed and resolved in the trial court, MDA cannot rely on *Curadev* (or other cases where the evidence offered was unrelated[8] to jurisdiction or the facts were undisputed[9]) to suggest that the STANDARD OF REVIEW applicable here, a case with <u>disputed jurisdictional fact issues</u>, is less deferential. *Volkswagen* and *BMC Software* continue to control, so all relevant facts upholding the order, with record support, must be implied.

### III. MDA's 2017 Taking is wholly unaffected by *Curadev*

MDA nowhere denies that invoking ELEVENTH AMENDMENT immunity is a clear-cut abuse of eminent domain power. (Reply). Instead, MDA

---

[8] *Hicks v. Tex. Health & Human Servs. Comm'n*, No. 10-19-00256-CV, 2021 Tex. App. LEXIS 6612, at **1-2 (Tex. App.—Waco Aug. 11, 2021, no pet.).
[9] *Ford ex rel. Williams v. City of Lubbock*, 76 S.W.3d 795, 797-798 (Tex. App.—Amarillo 2002, no pet.).

suggests that its misconduct in the patent litigation, extensively discussed in Gensetix's operative complaint, was categorically excluded by Gensetix as a ground for MDA's liability for Takings. (Reply at 8).

It was not. (CR:104-105, ¶¶ 29-31; CR:167-168; CR:598-603, ¶¶ 11, 16-20; RR at 21:24-22:1). MDA has a fair opportunity to prepare defenses in response to Gensetix's theory of MDA's liability: that MDA's invocation, in 2017, of the ELEVENTH AMENDMENT during the patent litigation—and MDA's persistent refusal to abandon that meritless, gratuitous legal maneuver into 2018, 2019, and 2020—misappropriated Gensetix's exclusive right to commercialize the technology. That the court below liberally[10] construed Gensetix's pleadings was neither error nor reversible. *Tex. Dep't of Crim. Just. v. Rangel,* 595 S.W.3d 198, 205 (Tex. 2020); TEX. R. APP. P. 44.1(a).

*Curadev*, a case where the ELEVENTH AMENDMENT was not invoked, has no bearing on Gensetix's right to seek just compensation for the Taking embodied by MDA's gratuitous invocation of the ELEVENTH AMENDMENT and

---

[10] Moreover, MDA waived appellate review of its special exception by failing to secure a written ruling on it. (CR); *Smith v. Grace*, 919 S.W.2d 673, 687 (Tex. App.—Dallas 1996, writ denied); *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 764-765 (Tex. App.—Texarkana 2017, pet. dism'd); *UV Logistics, LLC v. Patsfield*, No. 01-20-00191-CV, 2022 Tex. App. LEXIS 2118, at *31 (Tex. App.—Houston [1st Dist.] Mar. 31, 2022, no pet.); *In re LAF,* No. 14-21-00046-CV, 2022 Tex. App. LEXIS 5532, at **5-6 (Tex. App.—Houston [14th Dist.] Aug. 4, 2022, no pet.); *see also Methodist Hosps. v. Tex. Workers' Compensation Comm'n*, 874 SW 2d 144, 147 (Tex. App.—Austin 1994, no writ).

the years of gratuitous litigation that accompanied and facilitated MDA's clear-cut exercise of MDA's eminent domain powers.

## IV. MDA's 2020 Taking is distinguishable from *Curadev*

Over a persuasive dissent, the *Curadev* majority held that the Dallas trial court did not err in declining to find that UTSW used eminent domain power when it obtained trade secret chemical compound. 2025 Tex. App. LEXIS 6472 at \*\*17-18, 33-37. Unlike here, where MDA *relinquished* rights, UTSW *obtained* rights with clean hands in *Curadev*. *Id.*

The Dallas trial court may have found differently if Curadev had adduced competent evidence of a logical nexus between (1) UTSW's subjective state of mind at the time it exceeded the scope of the Takeda agreement and (2) UTSW's exercise of a uniquely sovereign power.

Here, Judge Schaffer had sufficient evidence to treat MDA's pretextual 2020 Taking as factually intertwined[11] with, and part of the same "transaction" as, the ELEVENTH AMENDMENT-based Taking of 2017 that continued as of the date of the exhibit MDA introduced. *See Lexington*

---

[11] The record supports the inference that Judge Schaffer judicially noticed that **it was not until *after* the oral argument in February 2020** (which signaled to MDA a likelihood that Judge Hanen's ruling would no longer be effective to prevent Diakonos and Baylor from being sued for patent infringement) **that MDA knew it would need to deploy a new tactic to prolong Diakonos's ongoing, unauthorized commercialization of Gensetix's property,** thus, MDA's ELEVENTH AMENDMENT Taking of 2017 and the pretextual 2020 termination are part of the same transaction. *See* https://www.cafc.uscourts.gov/home/oral-argument/listen-to-oral-arguments/ (Appeal No. 19-1424) (Oral Argument Date, Feb. 4, 2020). That finding must be upheld.

*Ins. Co. v. Daybreak Exp., Inc.*, 393 S.W.3d 242, 244 (Tex. 2013) (citing *Moore v. NY Cotton Exch.*, 270 U.S. 593, 610 (1926)).

The court below did not err when it declined MDA's invitation to find (1) the condition precedent to MDA's right to terminate was fulfilled (***it was not***); (2) the professed grounds MDA asserted were non-pretextual (***they were***); and/or (3) the decision to terminate was isolated from the ongoing exercise of eminent domain power that commenced in 2017 (***the two Takings were factually intertwined and logically related***).

MDA had a full, fair opportunity to present the evidence necessary to persuade Judge Schaffer otherwise.

Gensetix is confident the evidence does not exist, but even if it did, MDA strategic decision to withhold it below cannot be cured on appeal.

Nor does *Curadev* give MDA a second[12] bite at the apple; MDA must live with the consequences of introducing evidence that fell short of disproving Gensetix's allegations of non-breach and of MDA's pretext.

## V.  Neither *Curadev* nor any other case says that Takings lasting less than 33 months are non-actionable.

MDA reasons that—since its gratuitous ELEVENTH AMENDMENT theory didn't hold up on appeal—the years-long effect of its abuse of

---

[12] Evidence not introduced, and arguments not raised, in the court below "are but *l'esprit de l'escalier.*" *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1012 (5th Cir. 1989).

sovereign power is unlike the permanent loss of secrecy UTSW's publication caused in *Curadev*, therefore it is non-actionable. (Reply at 9).

MDA's reasoning fails. The duration of MDA's misappropriation is immaterial to MDA's liability, so MDA must "provide compensation for the period during which the taking was effective." *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cty.*, 482 U.S. 304, 321, 317-322 (1987); *United States v. General Motors Corp.*, 323 U.S. 373, 375, 378 (1945); *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 156 (2021). Here, the misappropriation occasioned by MDA's ELEVENTH AMENDMENT filing in 2017 effectively abated the patent litigation against Diakonos up to (and after) the purported "termination" in 2020. MDA's years-long Taking is actionable and compensation is due to Gensetix.

## VI.  MDA misreads Chief Justice Brister's dissenting opinion in *Curadev*.

MDA cites its nominal ownership of the patents as a reason not to recognize Gensetix's exclusive right to commercialize the patented technology. (Reply at 33-34). In support of that argument, MDA says "[t]his case does not implicate *any* of Chief Justice Brister's concerns in *Curadev*." (Reply at 34, n.14) (emphasis supplied). MDA is wrong.

***First***, property interests less than outright ownership are cognizable. *Fed. Land Bank of Houston v. United States*, 168 F.Supp. 788,

9

789 n.1, 790, 791-792, 792 n.4 (Ct. Cl. 1958); *Gen. Motors*, 323 U.S. at 375, 378. **Second**, MDA already conceded below that "the existence of a contract by itself is insufficient to invalidate [Gensetix's] Takings claim[.]" (CR:251); *see also Self*, 690 S.W.3d at 15, 17-19, 27, 29-32.

By MDA's newfound logic, the mere existence of contractual privity between UT and a family living in a UT-owned apartment on Lake Austin Blvd would leave the family without recourse, and at UT's mercy, if Diakonos were to sponsor unauthorized bullfights in the family's apartment. Worse, UT could impute the resulting damage *to the family* and, if the family cannot afford to repair the damage, *unilaterally declare the family in breach and evict them*. This remains so, by MDA's logic, *even if UT knows Diakonos, and Diakonos alone, caused the damage.*

MDA's logic fails. After the State conveys the right to exclude, the State can no longer appropriate that exclusionary right without paying just compensation to the holder of that exclusionary right. *Cf. Piazzola v. Watkins*, 442 F.2d 284. 290 (5th Cir. 1971); *Hassid*, 594 U.S. at 156. Here, MDA did not even **arguably** act within the scope of its rights in 2017. The concerns Chief Justice Brister raised in *Curadev* plainly apply here.

## VII. Gensetix respectfully asks this Court to disregard unpreserved, untimely arguments raised in MDA's Reply.

In the court below, MDA advanced no interpretations of any License Agreement provisions relating to whether an annual maintenance fee was due in 2020. (CR). Nor did MDA do so in its Opening Brief. (OB).

But now, on Reply—to address ***an allegation pleaded in 2021***—MDA unveils for the first time a novel legal argument surrounding the interpretations of §§ 2.3, 2.11 of the License Agreement. (Reply at 16-17, n.3) (citing ¶ 50 of Gensetix's First Amended Petition).

"An objection at trial not comporting with the complaint on appeal presents nothing for appellate review." *Houston R.E. Income Props. XV, Ltd. v. Waller Cty. Appraisal Dist.*, 123 S.W.3d 859, 862 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Nor may parties "enlarge a ground of error on appeal to include an objection not asserted at trial." *Sefzik v. Mady Dev't, LP*, 231 S.W.3d 456 (Tex. App.—Dallas 2007, no pet.).

Courts of appeal may not address issues of contract interpretation that were not the subject of a "complaint [that] was made to the trial court by a timely request, objection, or motion that **stated the grounds** []***with sufficient specificity to make the trial court aware of the complaint***[.]" Tex. R. App. P. 33.1(a)(1)(A) (emphasis supplied); *see TRT Holdings, Inc. v. Ace Am. Ins. Co.*, No. 05-23-00868-CV, 2025 Tex. App.

LEXIS 7407 at **23-24 (Tex. App.—Dallas Sep. 18, 2025, n.p.h.) (insured could not raise new contract interpretation argument on appeal); *Greater Houston Radiation Oncology v. Sadler Clinic Ass'n, PA*, 384 S.W.3d 875, 890 (Tex. App.—Beaumont 2012, pet. denied) (panel did not address "arguments regarding the construction of the Management Agreement" because the appellant failed to make those arguments in the trial court).

For substantially the same reasons, MDA's newly unveiled positions regarding the interpretations of §§ 7.1, 7.2, and its alleged non-breach of those obligations, are improper. (Reply at 14-16).

Accordingly, Gensetix respectfully **OBJECTS** on Tex. R. App. P. 33.1 and 38.1(f) grounds to MDA's untimely-raised legal arguments concerning the interpretation and MDA's purported non-breach of the License.

## XIII. Conclusion

MDA's Reply accuses Gensetix of "creative pleading," (Reply at 26), but **MDA's own choices**, not artful pleading, are what erected insurmountable obstacles for MDA in this appeal.

*First*, **MDA,** not artful pleading, **introduced evidence beyond the four corners of Gensetix's pleadings.** (CR:134), (RR at 26:5-12). That means the court below resolved jurisdictional fact issues and the STANDARD OF REVIEW requires this Court to defer to those findings.

12

***Second***, **MDA,** not Gensetix, **perfected its appeal before seeking narrower findings and rulings below.** (CR:733-735). As a result, this Court must draw all record-supported inferences favorable to the order, and affirm on any legal basis ascertainable from the record.

***Third***, **MDA "creatively" used the ELEVENTH AMENDMENT in the patent litigation.** (CR:419, ¶¶ 54-55; CR:221-228). So, MDA can no longer say it acted "as any private party could have" in 2017. (Reply at 32).

MDA understandably wishes to put the genie back in the bottle, ***on all three counts***, but no genie can rewrite history. These facts—fatal to MDA's appeal notwithstanding *Curadev*—may not, through attorney argument, be brushed off as "creative pleading" because the record clearly shows they are **MDA's choices**, which cannot be retracted on appeal.

Gensetix respectfully asks this Court to affirm the district court's denial of Appellants' plea to the jurisdiction.

Respectfully submitted,

**CONNOR LEE & SHUMAKER PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 (main)
888.387.1134 (fax)

By*: /s/ Cabrach Connor*
Cabrach J. Connor
State Bar No. 24036390
Email: Cab@CLandS.com
Jennifer Tatum Lee
State Bar No. 24046950
Email: Jennifer@CLandS.com
Sergio R. Davila
State Bar No. 24079795
Email: Sergio@CLandS.com


**THE BUZBEE LAW FIRM**

Anthony G. Buzbee
State Bar No. 24001820
Ryan S. Pigg
State Bar No. 24088227
tbuzbee@txattorneys.com
rpigg@txattorneys.com
713-223-5393

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded, on this the 31st day of October 2025, to the counsel of record for each of the parties via the service method indicated as follows:

### *VIA ELECTRONIC SERVICE*

Alyssa Bixby-Lawson
GENERAL LITIGATION DIVISION
OFFICE OF THE ATTORNEY GENERAL
PO Box 12548, Capitol
Austin, TX 78711

David E. Harrell, Jr.
Deanna Markowitz Willson
Monika Dziemianczuk
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, TX 77002

*/s/ Cabrach Connor*
Cabrach Connor

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words contained in the non-exempt portions of this Sur-reply (including Tab 1) is 4,714 and that the undersigned relied on the word count of the computer program used to prepare the document to determine the number of words.

*/s/ Cabrach Connor*
Cabrach Connor

No. 15-25-00011-CV

In the Court of Appeals
For the Fifteenth District of Texas
At Austin

THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM,
THE UNIVERSITY OF TEXAS SYSTEM, and THE UNIVERSITY OF
TEXAS M.D. ANDERSON CANCER CENTER

*Appellants*

vs.

GENSETIX, INC.

*Appellee*

Appealed from the District Court, 152nd Judicial District
Harris County, Texas, The Honorable Robert Schaffer (Presiding)
Cause No. 2021-73071

**TAB 1**

**APPELLEE'S BRIEF IN SURREPLY REGARDING *CURADEV***

# Table 1 (Unabridged)

# With Citations to the Record and pincites to *Curadev* opinion

| Material Distinction Between *Gensetix* and *Curadev* | |
| --- | --- |
| **Sovereign Power employed by Governmental Party** | |
| *Gensetix* | *Curadev* |
| **ELEVENTH AMENDMENT** <br> motion to dismiss | None |

**CR:98-99** (Gensetix pleaded that MDA's refusal to cooperate included its ELEVENTH AMENDMENT motion);

**CR:104-105, ¶¶ 30-32, 37** (Gensetix pleaded that MDA's refusal to cooperate deprived Gensetix of its property right to enforce the patents against Diakonos);

**CR:170** (Gensetix successfully opposed dismissal by arguing that deprivation of IP rights are Takings);

**CR:174-175, CR:183, CR:221-228** (Gensetix successfully opposed dismissal by arguing MDA used the ELEVENTH AMENDMENT to effect the deprivation of MDA's IP rights, citing MDA's unambiguous "have their cake and eat it too" position in federal court);

**CR:400-452** (Gensetix successfully opposed MDA's plea to the jurisdiction by arguing MDA used the ELEVENTH AMENDMENT to deprive Gensetix of IP rights)

**CR:600-602, ¶¶16-19** (a liberal interpretation of Gensetix's pleadings means MDA's refusal to cooperate included its ELEVENTH AMENDMENT motion);

**RR at 7:19-24** (emphasis supplied)

**[Counsel for MDA:]** Gensetix filed [a patent infringement suit] and tried to make the Board of Regents an Involuntary Plaintiff in the lawsuit it had filed in the Southern District of Texas. **That's where the [ELEVENTH AMENDMENT] sovereign immunity plea started by the Board of Regents[.]**

*Curadev*, **2025 Tex. App. LEXIS 6472** (no sovereign power of any kind used by UTSW)

| Material Distinction Between *Gensetix* and *Curadev* | |
|---|---|
| Governmental Party's Mental State and Conduct | |
| *Gensetix* | *Curadev* |
| **Bad Faith** intent to interfere with Gensetix's right to sue | **Good Faith** intent to publish research findings |

**CR:95-105** (Gensetix pleaded a detailed account of MDA's bad faith at all relevant times);

**CR:177-182** (Gensetix successfully opposed dismissal because MDA lacked "good faith" at all relevant times);

**CR:354-368** (Gensetix propounded discovery requests seeking evidence of MDA's purported "good faith")

**CR:406-423, ¶¶ 2-75** (Gensetix successfully opposed MDA's plea to the jurisdiction by providing a detailed account of MDA's bad faith at all relevant times);

**CR:455-461** (Declaration of Rita Mousa in opposition to Defendants' plea to the jurisdiction, evidence considered by Judge Schaffer consisting of a detailed account of MDA's bad faith at all relevant times);

*Curadev*, **2025 Tex. App. LEXIS 6472 at \*5**

> In October or November 2020, Curadev learned that Bai and Zhang "had generated data showing that Curadev's test compound [Company Material] indeed bound to a unique allosteric transmembrane site on STING." At that time, Appellees "were not aware that Curadev was the inventor of the test compound or of the chemical structure of the test compound or any of Curadev's other compounds."

| Material Distinction Between *Gensetix* and *Curadev* | |
|---|---|
| **Nature of the Property Conveyance** | |
| *Gensetix* | *Curadev* |
| Gov't ***relinquished*** commercialization rights to Mirrow, who sold them to Gensetix | Gov't ***obtained*** information from Takeda |
| **CR:102, ¶¶ 13, 16** (Gensetix pleaded that MDA conveyed the exclusive rights to Mirrow, who then conveyed the exclusive rights to Gensetix); *Curadev*, **2025 Tex. App. LEXIS 6472 at \*11** The record reflects that Southwestern entered into a Research Agreement with Takeda | |
| *Curadev*, **2025 Tex. App. LEXIS 6472 at \*12** The crux of Curadev's takings claim is that Southwestern used Company Material it acquired by agreement, which led to its published discovery about the compound C53. Curadev cannot show Southwestern waived sovereign immunity by exercising its eminent domain power because Southwestern acquired Curadev's test compound—Company Material—through a valid contract with Takeda. | |

| Material Distinction Between *Gensetix* and *Curadev* | |
| --- | --- |
| **Source of the Private Party's Property Interest** | |
| *Gensetix* | *Curadev* |
| **Statutory right to exclude granted by Patent Office** to inventors' assignees | **Promise** UTSW made to Takeda **in a contract** |

**CR:169-170** (citing 35 U.S.C. § 261);

**CR:455-456, ¶ 5** (Declarant, Rita Mousa, explaining that no rights existed at the time of Mirrow's conveyance to Gensetix in January 2014);

**CR:455-456, ¶ 9** (Declarant, Rita Mousa, explaining that the Patent Office granted a patent in May 2014);

*Curadev*, **2025 Tex. App. LEXIS 6472 at \*3**

> [A] Takeda subsidiary, Takeda California, Inc., entered into a Sponsored Collaboration Research Agreement (the Research Agreement) with Southwestern. Pursuant to the Research Agreement, Takeda provided Southwestern with one of Curadev's STING agonist test compounds (Company Material).

*Curadev*, **2025 Tex. App. LEXIS 6472 at \*4**

> []The Research Agreement defined "Confidential Information" as "any scientific, technical, trade or business information possessed or obtained by, developed for or given to the recipient Party which is treated by the disclosing Party as confidential or proprietary." The Research Agreement noted that the parties would use reasonable efforts to prevent disclosure of the other party's confidential information for five years after receipt.

| Material Distinction Between *Gensetix* and *Curadev* | |
| --- | --- |
| **Conflicting Evidence of Governmental Scienter** | |
| *Gensetix* | *Curadev* |
| MDA's **Exhibits 6-7** *vs.* Mousa **Declaration** w/ **21 Exhibits** | None |

**CR:134, n.7** (MDA, within its jurisdictional plea, asking the court below to consider "**Exhibit 6**" and "**Exhibit 7**" as evidence that the technology had not been commercialized and that Gensetix did not pay the fee owed to MDA when the technology isn't commercialized.);

**CR:92-94** (MDA's "**Exhibit 6**"); **2SuppCR:3-4** (MDA's "**Exhibit 7**");

**CR:454-595** (Declaration of Rita Mousa with **21 Exhibits**);

> **CR:460, ¶¶ 34-38**
>
> > (Mousa detailing MDA's bad faith behavior and disputing MDA's allegations of the validity of its demand for a maintenance fee payment)

**RR at 7:25-8:9** (emphasis supplied)

> [Counsel for MDA:] And **that evidence that we've provided with our Answer and incorporated through the Plea to the Jurisdiction shows with our Exhibit 6** [MDA accused Gensetix of breach] **And with our Exhibit 7 we show that in May of 2020 that Contract was terminated.**

**RR at 26:9-10** (emphasis supplied)

> [Counsel for MDA:] We've provided the Court with **Exhibit 7**[.]

*Curadev*, **2025 Tex. App. LEXIS 6472 at \*\*11-12**

> Curadev does not dispute that Southwestern and Takeda had an agreement, nor does it dispute that Takeda provided Company Material to Southwestern under the Research Agreement.

| Material Distinction Between *Gensetix* and *Curadev* | |
|---|---|
| **Disputed Jurisdictional Facts** | |
| *Gensetix* | *Curadev* |
| (1) MDA's **2017 side-deal** was **illicit** | None |
| **CR:97-99, CR:103-105** (Gensetix pleaded that MDA entered an unauthorized side-deal with Diakonos and Baylor)<br><br>**CR:133** (MDA's jurisdictional plea denies that it entered an unauthorized side-deal with Diakonos and Baylor, claiming Gensetix's allegations are "imagined facts" and that MDA "never conspired" with Diakonos or Baylor)<br><br>**CR:697, CR:697 n.12** (MDA in its reply brief to the court below maintained that the side deal did not "exist" and that Gensetix's allegation was "categorically false.")<br><br>**OB at 45** (MDA on appeal "vigorously denies" the side-deal) | |
| *Curadev*, **2025 Tex. App. LEXIS 6472 at \*\*12-13**<br><br>    Curadev does not dispute that Southwestern and Takeda had an agreement, nor does it dispute that Takeda provided Company Material to Southwestern under the Research Agreement. | |

| Material Distinction Between *Gensetix* and *Curadev* | |
|---|---|
| **Disputed Jurisdictional Facts** | |
| *Gensetix* | *Curadev* |
| (2) Gensetix's 2017 **patent suit** was **strong** | None |

**CR:96** (Gensetix pleaded that Diakonos officer William Decker developed unauthorized "improvements" to the patented technology, which infringed the patents);

**CR:104, ¶ 27** (Gensetix pleaded that **Diakonos knew** it lacked the "freedom to operate" to engage in the same commercial activities that would form the basis of the patent infringement suit; that is **willful infringement**);

**CR:133** (MDA's jurisdictional plea claimed Gensetix's allegations are "imagined facts");

**Reply at 15** (On appeal, MDA clarifies that it meant it subjectively believed Gensetix's infringement suit against Diakonos was too "weak" to be allowed to proceed);

*Curadev*, 2025 Tex. App. LEXIS 6472 at **12-13

> Curadev does not dispute that Southwestern and Takeda had an agreement, nor does it dispute that Takeda provided Company Material to Southwestern under the Research Agreement.

| Material Distinction Between *Gensetix* and *Curadev* | |
|---|---|
| **Disputed Jurisdictional Facts** | |
| *Gensetix* | *Curadev* |
| (3) The **2019 clinical trials** were **commercial** | None |

**CR:103, ¶ 24** (Gensetix pleaded Phase I manufacturing activities were funded by Diakonos, third party, and that clinical trials were conducted);

**CR:107, ¶ 50** (Gensetix pleaded that commercial activity took place prior to 2020);

**CR:419, ¶ 58** (Gensetix adduced evidence, **Exhibit 21 to the Declaration of Rita Mousa**, in opposition to MDA's jurisdictional plea establishing that "in 2019, Phase I Clinical Trials in New Jersey . . . were underway[.]")

> **CR:460, ¶36** (Mousa attesting to facts establishing that Phase I clinical trials were taking place, supporting the inference that infringing medications were developed with outside funding for commercial purposes);

> **CR:591-594** (**Exhibit 21**, a press release dated June 7, 2019, announcing the clinical trials to take place in Camden, New Jersey);

**CR:134, n.7** (MDA, within its jurisdictional plea, contending the technology had not been commercialized and that Gensetix did not pay the fee owed to MDA when the technology isn't commercialized.);

*Curadev*, 2025 Tex. App. LEXIS 6472 at **12-13

> Curadev does not dispute that Southwestern and Takeda had an agreement, nor does it dispute that Takeda provided Company Material to Southwestern under the Research Agreement.

| Material Distinction Between *Gensetix* and *Curadev* | |
|---|---|
| **Disputed Jurisdictional Facts** | |
| *Gensetix* | *Curadev* |
| (4) MDA cooked up a **pretext in 2020** | None |

**CR:107, ¶ 50** (Gensetix pleaded both that MDA was not entitled to maintenance fees in 2020, and that MDA refused to substantiate its position that commercial activities had not taken place)

**CR:419-420, ¶¶ 57-60; CR:421, ¶ 64; CR:435, ¶ 104** (Gensetix argued that the alleged entitlement to a maintenance fee was a "pretext" and in support of that argument adduced evidence, **Exhibit 21 to the Declaration of Rita Mousa**, establishing that no maintenance fee was owed)

> **CR:460, ¶36** (Mousa attesting to facts establishing that Phase I clinical trials were taking place, supporting the inference that infringing medications were developed with outside funding for commercial purposes);

> **CR:591-594** (**Exhibit 21**, a press release dated June 7, 2019, announcing the clinical trials to take place in Camden, New Jersey);

*Curadev*, 2025 Tex. App. LEXIS 6472 at **12-13.

> Curadev does not dispute that Southwestern and Takeda had an agreement, nor does it dispute that Takeda provided Company Material to Southwestern under the Research Agreement.

| Material Distinction Between *Gensetix* and *Curadev* | |
|---|---|
| **Circumstances** | |
| *Gensetix* | *Curadev* |
| **Extraordinary** Inducements, lies, and calculated betrayal aided by abuse of ELEVENTH AMENDMENT | **Common** Study submitted a few months early |
| **CR:95-105**, **¶¶ preamble, ¶¶ 1-35** (detailing MDA's inducements, lies, and abuse of the Eleventh Amendment)<br><br>**CR:177-182** (detailing MDA's lack of good faith, egregious extra-contractual activity, and the relationship between its "secret deal" with Diakonos and Baylor)<br><br>**CR:357-368** (detailing the relationship Gensetix's pending discovery requests and MDA's egregious misconduct)<br><br>**CR:406-423**, **¶¶ 2-75** (detailing the extraordinary circumstances embodied by MDA's egregious misconduct)<br><br>**CR:455-461** (Declaration of Rita Mousa in opposition to MDA's plea to the jurisdiction, detailing the extraordinary circumstances embodied by MDA's egregious misconduct) | |
| https://search.txcourts.gov/Case.aspx?cn=15-25-00004-CV&coa=coa15 (Cause No. 15-25-00004-CV, BRIEF OF APPELLANT, Appendix Tab 7 -Curadev's Operative Pleadings], Exhibit 7 [E-mail correspondence between UTSW and Curadev], pp. 149-151) *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=e86171b9-b7a4-46a6-b445-5ee298538dba&coa=coa15&DT=Brief&MediaID=03f4b476-515e-4ed8-9a47-43c30038of80<br><br>(E-mail dated Jan. 4, 2021, from Xuewu Zhang to Arjun Surya) ("We can delay the publication of this structure to some later date, but the middle of 2022 seems excessive.") | |

No. 15-25-00011-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS
AT AUSTIN

THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM,
THE UNIVERSITY OF TEXAS SYSTEM, and THE UNIVERSITY OF
TEXAS M.D. ANDERSON CANCER CENTER

*Appellants*

vs.

GENSETIX, INC.

*Appellee*

Appealed from the District Court, 152nd Judicial District
Harris County, Texas, The Honorable Robert Schaffer (Presiding)
Cause No. 2021-73071

**TAB 2**

**APPELLEE'S BRIEF IN SURREPLY REGARDING *CURADEV***

# Excerpts from Curadev's
# BRIEF IN OPPOSITION TO
# UTSW's PLEA TO THE JURISDICTION
# filed in Dallas County

FILED
9/24/2024 2:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Miranda Lynch DEPUTY

**CAUSE NO. DC-24-03875**

| | | |
|---|---|---|
| CURADEV PHARMA PVT. LTD., and CURADEV PHARMA LIMITED, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § | DALLAS COUNTY, TEXAS |
| THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER, DR. XIAOCHEN BAI, AND DR. XUEWU ZHANG, | § § § § § | |
| *Defendants.* | § § | 101ST JUDICIAL DISTRICT |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'**
**PLEA TO THE JURISDICTION**

Plaintiffs Curadev Pharma Pvt. Ltd. and Curadev Pharma Limited (together, "Curadev") file this response in opposition to the Plea to the Jurisdiction filed on July 30, 2024, by Defendants The University of Texas Southwestern Medical Center ("UTSW"), Dr. Xiaochen Bai ("Bai"), and Dr. Xuewu Zhang ("Zhang," and collectively with UTSW and Bai, the "Defendants") and respectfully show the Court the following:

## I.    INTRODUCTION

Defendants ask this Court to give a free pass to the state-sanctioned theft of intellectual property. In essence, they contend that the government can plunder a company's valuable trade secrets by extending false promises of confidentiality under the guise of academic research, then secretly steal that information to enrich itself through patents and joint enterprises with other private companies—all without paying the property owner a cent. Then, if the government gets caught, the Defendants contend that the owner has no right to *even seek a remedy* in a court of law.

This case is why we have the Takings Clause. Even if Defendants had sovereign immunity from tort claims (which they waived in this case by their inequitable conduct), such immunity

---

Plaintiffs' Response in Opposition to Defendants' Plea to the Jurisdiction
Cause No. DC-24-0387

1198

1

on the argument that Plaintiffs' entire suit is barred by sovereign immunity. Defendants are incorrect. Sovereign immunity does not apply to Plaintiffs' constitutional claim at all. And, as to the TUTSA and conversion claims, Plaintiffs have pled that Defendants waived immunity through their conduct, and that Defendants Bai and Zhang have also engaged in *ultra vires* acts, for which no immunity applies. Notably, Defendants have submitted no facts contradicting Plaintiffs' allegations, and their legal arguments are either misguided or rely on a mischaracterization of Plaintiffs' claims. Simply put, there is no basis to dismiss this case on jurisdictional grounds, and Defendants' Plea to the Jurisdiction should be rejected.

A.    **Sovereign Immunity Does Not Apply to Plaintiffs' Constitutional Takings Claim against UTSW.**

Sovereign immunity does not apply to a constitutional takings claim. *See Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016), reh'g denied (Oct. 21, 2016) ("Sovereign immunity does not shield the government from liability for compensation under the takings clause."). Defendants do not even attempt to refute this black-letter law,[1] so instead they claim sovereign immunity as a jurisdictional defense by prematurely attacking Curadev's constitutional claim on the merits. Specifically, they argue that Plaintiffs' constitutional claim is facially invalid because Plaintiffs: (1) have not pled an "actionable taking;" and (2) cannot show that UTSW acted with the requisite intent. *See* Plea to the Jurisd. at 22-32.

At the outset, these are quintessential merits arguments—not a basis for declining subject-matter jurisdiction. If Defendants want to attack the legal strength of Plaintiffs' claims, they will

---

[1] Defendants argue that, absent a legislative waiver, UTSW is immune from conversion and TUTSA claims. Plea to the Jurisd. at 17-20. They do not (and cannot) argue legislative waiver is required before UTSW may face constitutional takings claim. *See Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980) ("The Constitution itself … is a waiver of governmental immunity for the taking, damaging or destruction of property for public use.").

Dated: September 24, 2024

Respectfully Submitted,

**Allen Overy Shearman Sterling US LLP**

*/s/ David P. Whittlesey*
David P. Whittlesey
Texas Bar No. 00791920
300 West 6th Street, Suite 2250
Austin, Texas 78701
(512) 647-1900 (tel)
david.whittlesey@aoshearman.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of September, 2024, I served a true and correct copy of the foregoing instrument on all attorneys of record via e-filing.

*/s/ David P. Whittlesey*
David P. Whittlesey

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS
AT AUSTIN

THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM,
THE UNIVERSITY OF TEXAS SYSTEM, and THE UNIVERSITY OF
TEXAS M.D. ANDERSON CANCER CENTER

*Appellants*

vs.

GENSETIX, INC.

*Appellee*

Appealed from the District Court, 152nd Judicial District
Harris County, Texas, The Honorable Robert Schaffer (Presiding)
Cause No. 2021-73071

**TAB 3**

**APPELLEE'S BRIEF IN SURREPLY REGARDING *CURADEV***

# Excerpts from Curadev's
# REPLY BRIEF
# filed in the Fifteenth Court of Appeals

ACCEPTED
15-25-00004-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/31/2025 9:12 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00004-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/31/2025 9:12:14 PM
CHRISTOPHER A. PRINE
Clerk

# In the Court of Appeals
# For the Fifteenth District of Texas

## Curadev Pharma Pvt. Ltd. and Curadev Pharma Limited,

*Plaintiffs-Appellants,*

v.

## The University of Texas Southwestern Medical Center, Dr. Xiaochen Bai, and Dr. Xuewu Zhang,

*Defendants-Appellees.*

## Interlocutory Appeal from the 101st District Court of Dallas County
Trial Court No. DC-24-03875

## APPELLANTS' REPLY BRIEF

ALLEN OVERY SHEARMAN STERLING US LLP
David P. Whittlesey
Trey Hebert
300 W. 6th Street, Suite 2250
Austin, Texas 78701
(512) 647-1900 (phone)

Jacob Fields
2601 Olive Street, 17th Floor
Dallas, Texas 75201
(214) 271-5777 (phone)

## Attorneys for Curadev Pharma Pvt. Ltd. and Curadev Pharma Limited
## ORAL ARGUMENT REQUESTED

Appellants Curadev Pharma Pvt. Ltd. and Curadev Pharma Limited ("Curadev" or "Appellants") file this Reply Brief and would respectfully show the Court as follows:

## I. INTRODUCTION

Appellees present a revisionist view of what happened and what Curadev has alleged. As explained in Appellants' opening brief, the facts as pleaded are what matter—not Appellees' rendition of them. Despite their obfuscation, Appellees acknowledge Curadev's core operative allegations:

1. Curadev developed a STING[1] agonist that binds to an allosteric transmembrane site of the STING protein. Appellees' Br. at 3.

2. Curadev licensed that STING agonist to third-party Takeda. *Id.*

3. To verify its binding properties, Takeda contracted The University of Texas Southwestern Medical Center ("UTSW") to conduct certain research on Curadev's STING agonist under the Sponsored Collaboration Research Agreement, (the "Research Agreement"). *Id.* at 4.

---

[1] "STING," and other scientific concepts referenced herein were explained in Curadev's Amended Petition (e.g., CR.543-544, 549) and Appellants' Br. (e.g., p. 1-3).

1

4. Pursuant to the Research Agreement, Takeda provided Curadev's STING agonist (the "test compound") to Appellees. *Id.*

5. Appellees performed the requested tests and confirmed that the test compound bound to a unique allosteric transmembrane site on STING. *Id.* at 6-7.

6. Appellees did not develop the test compound or independently decide to test its allosteric binding properties. *Id.*

7. After the Research Agreement was terminated, Takeda informed Appellees that Curadev invented the test compound. *Id.* at 7.

8. Curadev requested that Appellees delay publication on Curadev's test compound and later offered to discuss joint publication in July 2021. *Id.* at 8.

9. Meanwhile, Appellees identified one of Curadev's publicly disclosed compounds similar in structure ("C53"), and confirmed it had similar binding properties. *Id.* at 8.

10. Appellees then published these "findings" in *Nature* as their own, filed a patent application, and sought to commercialize them through a collaboration with Curadev's competitors. *See id.* at 8.

Those facts appear to be undisputed. Appellees characterize Curadev's claim as a "fruit of the poisonous tree" argument. *Id.* at 9. To the contrary, Appellees chopped down the tree that Curadev painstakingly grew. As public officials, Appellees unlawfully used, published, and misappropriated the proprietary fruits of Curadev's labor.

2

Dated: March 31, 2025         Respectfully Submitted,

**Allen Overy Shearman Sterling US LLP**

<u>*/s/ David P. Whittlesey*</u>
David P. Whittlesey
Texas Bar No. 00791920
david.whittlesey@aoshearman.com
Trey Hebert
Texas Bar No. 24067819
trey.hebert@aoshearman.com
300 West 6th Street, Suite 2250
Austin, TX 78701
(512) 647-1900 (tel)

Jacob Fields
Texas Bar No. 24115134
jacob.fields@aoshearman.com
The Link at Uptown
2601 Olive St., 17th Floor
Dallas, TX 75201
(214) 271-5777 (tel)

Attorneys for Appellants

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cabrach Connor
Bar No. 24036390
cab@clands.com
Envelope ID: 107552328
Filing Code Description: Other Brief
Filing Description: Appellee's Brief in Surreply Regarding Curadev
Status as of 11/3/2025 7:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Terri Abernathy | | terri.abernathy@oag.texas.gov | 10/31/2025 4:58:47 PM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 10/31/2025 4:58:47 PM | SENT |
| Thomas FLoose | | tom.loose@troutman.com | 10/31/2025 4:58:47 PM | SENT |
| David E.Harrell | | David.Harrell@troutman.com | 10/31/2025 4:58:47 PM | SENT |
| Deanna MarkowitzWillson | | deanna.willson@troutman.com | 10/31/2025 4:58:47 PM | SENT |
| Chris Dove | | Chris.Dove@troutman.com | 10/31/2025 4:58:47 PM | SENT |
| Monika Dziemianczuk | | monika.dziemianczuk@troutman.com | 10/31/2025 4:58:47 PM | SENT |
| Cabrach Connor | | Cab@CLandS.com | 10/31/2025 4:58:47 PM | SENT |
| Jennifer TatumLee | | Jennifer@CLandS.com | 10/31/2025 4:58:47 PM | SENT |
| Sergio Davila | | Sergio@CLandS.com | 10/31/2025 4:58:47 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 10/31/2025 4:58:47 PM | SENT |
| Ryan Pigg | | rpigg@txattorneys.com | 10/31/2025 4:58:47 PM | SENT |
| Rian Taff | | rtaff@txattorneys.com | 10/31/2025 4:58:47 PM | SENT |
| Mauricio Guevara | | mguevara@txattorneys.com | 10/31/2025 4:58:47 PM | SENT |
| Lionel Sims | | lsims@txattorneys.com | 10/31/2025 4:58:47 PM | SENT |
| Alyssa  Bixby-Lawson | | alyssa.bixby-lawson@oag.texas.gov | 10/31/2025 4:58:47 PM | SENT |